UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THEODORE PROVENCIAL,

    Plaintiff,

v.                                                                  Case No. 5:19-cv-271-Oc-39PRL

WARDEN, FCC COLEMAN II HIGH
and FNU Jackson,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, a federal inmate, initiated this case by filing a pro se Writ of Mandamus (Doc. 1) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff asserts he has been denied access to the prison grievance system, preventing him from exhausting his administrative remedies prior to filing a civil rights action. He also states a guard confiscated his personal religious items and they have not been returned to him. As relief, Plaintiff seeks an order directing the institution to provide him his administrative remedies and to return his illegally confiscated religious items.

A federal court may issue a mandamus order "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus is an extraordinary remedy controlled by equitable principles. See Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003). A plaintiff seeking mandamus relief must demonstrate (1) he has a clear right to the relief he seeks, (2) the defendant owes him a clear duty, and (3) he has no adequate remedy, meaning he "has exhausted all other avenues of relief." Id. at 1258. A writ of mandamus is only appropriate

in cases where "both the right to relief and the duty to act are clear." Davis v. United States, 558 F. App'x 898, 901 (11th Cir. 2014). A plaintiff should not pursue mandamus relief as a means of adjudicating a legal right; rather, "the purpose of the writ is . . . to enforce a right [that] has already been established." Id. (quoting United States v. Nordbye, 75 F.2d 744, 746 (8th Cir. 1935)).

Plaintiff has not demonstrated he is entitled to mandamus relief. He has not shown a clear right to relief and duty to act, and he has an adequate available remedy: he may initiate a civil rights complaint.[1] To the extent Plaintiff maintains the prison staff has frustrated his ability to properly and completely exhaust his administrative remedies, the Court notes that the civil rights complaint form (attached to this Order) prompts a prisoner/plaintiff to explain his reasons for not filing grievances and to provide additional information relevant to the exhaustion of administrative remedies. See Civil Rights Complaint Form Section VII F-G.

Accordingly, it is

**ORDERED**:

1. Plaintiff's request for mandamus relief (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** is directed to enter judgment, terminate any pending motions, and close the case.

4. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff

---

[1] Given Plaintiff's assertions that his efforts to file grievances have been frustrated, the Court notes that "[t]he PLRA requires prisoners who wish to challenge some aspect of prison life to exhaust all available administrative remedies before resorting to the courts." Abram v. Leu, 759 F. App'x 856, 859 (11th Cir. 2019) (emphasis added); see 42 U.S.C. § 1997e(a). The Court expresses no opinion as to the availability of Plaintiff's administrative remedies based on his assertions.

chooses to file a case, he may do so on the enclosed form. He should not put this case number on the form, because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of June, 2019.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Theodore Provencial